**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

James Jamison,

Plaintiff,

vs.

Case Number: 1:21-cv-00050

Judge Michael R. Barrett

Stuart Lippman and Associates, et al.,

Defendants.

**ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 21). Plaintiff filed timely objections (Doc. 22), and Defendants Stuart-Lippman and Associates, Inc. ("SLA") and Roxanna Jimenez (collectively, "Defendants") filed a timely response to those objections (Doc. 23).

## I. STANDARD OF REVIEW

When the Court receives timely objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

The Magistrate Judge completed a comprehensive review of the record and the same will not, and need not, be repeated herein. In short, the Magistrate Judge recommends that the Court grant Defendants' Motion to Dismiss (Doc. 11), as Plaintiff

fails to state a claim under the Fair Debt Collection Practices Act, as the debt underlying his claims is a subrogation debt—albeit an ultimately inaccurate and withdrawn subrogation debt arising from a November 2020 automobile accident—and is not a consumer debt, and the Fair Debt Collection Practices Act requires a qualifying consumer debt. (Doc. 21 PageID 285-88); *see* 15 U.S.C. § 1692a(5) (explaining that, for purposes of the Fair Debt Collection Practices Act, "[t]he term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."); *cf.* (Doc. 3) (Plaintiff's Complaint listing 15 U.S.C. § 1692, *i.e.*, the Fair Debt Collection Practices Act, as the only law under which he brings his claims).

In his objections, Plaintiff does not dispute the Magistrate Judge's finding that the debt at issue is a subrogation debt. (Doc. 22). He states that "this civil law suit is not about a debt under the F[air Debt Collection Practices Act." (*Id.* PageID 301). Plaintiff asserts that this lawsuit is about Defendant SLA's December 2020 letter to the Ohio Bureau of Motor Vehicles' ("BMV") Financial Responsibility Section notifying the Ohio BMV of Plaintiff's alleged subrogation debt and requesting that the Ohio BMV proceed with suspending his and his sister's[1] driver's licenses due to their involvement in the November 2020 automobile accident and lack of proof of vehicle insurance at the time of the accident. (*Id.* PageID 301-02); *see* (Doc. 3 Ex. A PageID 62) (Defendant SLA's December 2020 letter to the Ohio BMV).

[1] It appears that Plaintiff was driving his sister's vehicle at the time of the November 2020 accident.

Plaintiff argues that, under the Fair Debt Collection Practices Act, debt collectors, like Defendants, cannot share the existence of a debt to a third party, like the Ohio BMV, or request that the Ohio BMV suspend people's driver's licenses. (Doc. 22 PageID 302) ("The plaintiff states his claims under FDCPA was for what [Defendants] did sending documents to the BMV telling the BMV to suspend the plaintiff and his sister['s] drivers license and sharing a debt to a third party the BMV."); *see* (Doc. 3 PageID 49-51). However, any claim brought under the Fair Debt Collection Practices Act requires a qualifying debt under the Fair Debt Collection Practices Act, and a subrogation debt does not qualify. As the Magistrate Judge correctly found, the nature of the debt involved in this matter, *i.e.*, a subrogation debt stemming from a tort, precludes Plaintiff's ability to proceed against Defendants under the Fair Debt Collection Practices Act. Stated differently, the Fair Debt Collection Practices Act protects consumers; it does not protect a person disputing a subrogation debt stemming from a tort. The Court understands that Plaintiff no longer disputes the actual $6,388.61 subrogation debt itself, as Geico ultimately determined that Plaintiff did not owe the $6,388.61 subrogation debt. However, the nature of the debt at issue precludes Plaintiff's ability to bring any claims relating to the underlying subrogation debt against Defendants under the Fair Debt Collection Practices Act.

Aside from the above argument, Plaintiff repeats his prior allegations and arguments found in his Complaint and Responses in Opposition to Defendants' Motion to Dismiss in his objections. *Compare* (Docs. 3, 12, 14), *with* (Doc. 22). Reiterating arguments that the Magistrate Judge considered and rejected and concluding that the Magistrate Judge erred in finding otherwise, without more, does not aid the Court in its

analysis. *Cf. Aldrich v. Bock*, 327 F. Supp. 2d 743, 748 (E.D. Mich. 2004) ("The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."). Plaintiff's objections do not present any new argument in response to the to the recommendations found in the R&R and do not convince the Court that the Magistrate Judge erred. *See id.* at 747 ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *cf. Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that general disagreements with the Magistrate Judge fall short of the plaintiff's obligation to make specific objections to an R&R).

In sum, and after a de novo review of the filings in this matter, the Court finds that the Magistrate Judge adequately addressed the parties' arguments and correctly determined that Defendants' Motion to Dismiss should be granted. *See* FED. R. CIV. P. 72(b)(3). Plaintiff's objections do not persuade the Court otherwise, and the Court will adopt the R&R in its entirety.

## III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's objections (Doc. 22) are **OVERRULED**, the R&R (Doc. 21) is **ADOPTED**, Defendants' Motion to Dismiss (Doc. 11) is **GRANTED**, this matter is **DISMISSED** with prejudice[2] for failure to state a claim, and this matter shall be **CLOSED** and **TERMINATED** from this Court's active docket.

**IT IS SO ORDERED.**

_/s Michael R. Barrett______
Michael R. Barrett, Judge
United States District Court

[2] Dismissal with prejudice is proper as Plaintiff has not filed a motion to amend his Complaint. *CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW)*, 645 F.3d 785, 795 (6th Cir. 2011) (explaining that, "if a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice.").